*Second Judicial District.*

## In the Court of Common Pleas of Lancaster County.

### BROWN *v.* HAMBRIGHT.

Proceedings in an action before a justice of the peace will be set aside when it appears there had been a continuance without day, and afterwards the justice proceeded to hear and pass judgment in the cause without notice to the defendant.

**Certiorari.**

Opinion delivered January 17, 1874, by

LIVINGSTON, P. J. In this case, the proceedings returned by the justice show, that a summons was issued by Samuel Evans, Esq., to constable McGinnis, at the instance of Jos. Brown, jr., by his next friend Jos. Brown sr., against Eml. L. Hambright, on April 18, 1873,which was served April 18, and returnable on April 26, 1873. That on April 26, 1873, the parties met, and the cause was continued by consent until May 3, 1873, then it was again continued (but not by consent, for an unusual length of time), from May 3, to June 7, 1873, and *notice* on May 30, 1873, sent to defendant, through the mails of the time of hearing. That on June 7, 1873, *plaintiff* appeared. *Defendant* did not appear. Plaintiff was sworn and after hearing him the justice gave judgment in his favor, and against the defendant, for $26, and costs of suit. On this judgment, the justice issued execution July 3, 1873, and on July 1873, the execution was superseded by the certiorari.

The testimony presented by the defendant on the argument, shows, that he resides at Mountville, (the residence of the justice being in Columbia); that, at the time originally fixed for the hearing, he attended at the office of the justice, and the plaintiff did not appear; defendant was then informed by the justice that the hearing was continued at plaintiff's request for one week; that at the second time set for the hearing, plaintiff was in Philadelphia and telegraphed to the justice that it would be impossible for him to attend. That afterwards, the next week, the defendant went to Columbia and saw the justice, who informed him that there was no time fixed for a hearing, but that he would see plaintiff, and would then notify defendant of the time appointed for hearing the case, and this was the last he heard of the suit, until the execution was served upon him, never having received *notice* of the last time fixed for hearing the case, by mail or otherwise.

The cause was adjourned on May 3, 1873, without day, because of the failure of plaintiff to attend. The magistrate afterwards fixed June 7, 1873, as the time for hearing, a period of thirty-five days from the time of adjournment, and then, without having any notice served on defendant and proof of such service made before him, proceeded to·hear and determine the case, in his absence, giving judgment as above stated.

This, we think, he had no authority of law for doing.    After he had adjourned, or continued the cause without day, he had no more authority to proceed further with it, to hear, or pass judgment in it, without having *notice served on defendant,* and *proof* of such service made before him, than he would have had to proceed to hear it and pass judgment, without having a summons served upon defendant in the first instance, and proof thereof made before him; his judgment in *either case,* would be void.

If this were not so, parties would be deprived of the opportunity and right of appeal.    So carefully has the law and the court guarded the rights of parties in this respect, that if, after the hearing of a cause, in presence of both parties, the justice holds the matter under advisement, without designating a day upon which he will enter judgment, he is bound to notify the defendant when he does enter the judgment, and he can issue no execution which will not be set aside, nor will the twenty days allowed for appeals commence to run in such case until defendant has had such notice.    And this is a rule of authority and reason ; a different practice, would place a defendant at the mercy of the justice, and enable the latter, by entering a judgment, as in this case, privately, and without notice, to deprive him of the right and privilege of making a defence as well as of his appeal.

The proceedings are therefore reversed and set aside.

*Rosenmiller,* Esq., for plaintiff; *A. Kauffman,* Esq., for defendant.